**Dated: August 28, 2019**

**The following is ORDERED:**



Sarah A Hall
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| ALLEN RAY BERG, | ) | Case No. 18-10220-SAH |
| | ) | Chapter 7 |
| Debtor. | ) | |
| ———————————————— | ) | |
| | ) | |
| QUALITY INTERIORS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Adv. Pro. 19-01061-SAH |
| | ) | |
| ALLEN RAY BERG, | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER DENYING DEFENDANT ALLEN BERG'S MOTION TO DISMISS AND BRIEF IN SUPPORT, WITH NOTICE OF OPPORTUNITY FOR HEARING [DOC. 7]

The following are before the Court:

1.    Complaint [Doc. 1], filed on July 1, 2019 (the "Complaint"), by plaintiff Quality Interiors, Inc. ("Plaintiff");

2.    Defendant Allen Berg's Motion to Dismiss and Brief in Support, with Notice of Opportunity for Hearing [Doc. 7], filed on August 8, 2019 (the "Motion"), by defendant Allen Ray Berg ("Defendant"); and

3.      Plaintiff's Response to Defendant's Motion to Dismiss [Doc. 8], filed on
        August 19, 2019 (the "Response"), by Plaintiff.

## JURISDICTION

The Court has jurisdiction to hear this Complaint pursuant to 28 U.S.C. § 1334(b), and

venue is proper pursuant to 28 U.S.C. § 1409.  Reference to the Court of this matter is proper

pursuant to 28 U.S.C. § 157(a), and this is a core proceeding as contemplated by 28 U.S.C.

§ 157(b)(2)(I) and (J).

## BACKGROUND

Defendant filed a voluntary chapter 7 bankruptcy petition in this Court on January 22,

2018, but did not list or schedule his debt to Plaintiff that emanates from a felony embezzlement

scheme.[1]  The original setting for the 11 U.S.C. § 341[2] meeting of creditors was February 20,

2018.  Therefore, pursuant to Federal Rules of Bankruptcy Procedure 4004(a) and 4007(c), the

deadline to file an adversary proceeding objecting to discharge or dischargeability of the debt

involved here was April 23, 2018.  On motion of the chapter 7 trustee ("Trustee"), the Rule 4004

deadline was ultimately extended to October 15, 2018, but only with respect to Trustee.  Trustee

then filed an adversary proceeding against Defendant that included a Section 727 claim objecting

---

[1]Defendant was charged with and plead guilty to felony embezzlement in the District
Court of Cleveland County, Oklahoma, Case No. CF-2016-140.  Plaintiff then filed a civil case
in Cleveland County district court pursuing remedies against Defendant from his criminal acts.
Case No. CJ-2017-325.  It is well established that a court may take judicial notice of its own
records as well as records of other courts, particularly in closely related cases.  Hutchinson v.
Hahn, 402 F. App'x 391, 394-95 (10th Cir. 2010) (citing St. Louis Baptist Temple, Inc. v. FDIC,
605 F.2d 1169, 1172 (10th Cir. 1979)); Cornforth v. Fidelity Inv., 2017 WL 650132 (W.D. Okla.
2017).

[2]Unless otherwise indicated, hereafter all references to sections are to the Bankruptcy
Code, Title 11 of the United States Code.

to discharge, but it was subsequently settled by the parties, and then dismissed on March 11, 2019.[3]

In light of the settlement of Trustee's adversary proceeding, on March 13, 2019, Plaintiff filed its own adversary proceeding against Defendant setting forth claims under Sections 523(a)(4) and 727(a)(4).[4]  On motion of Defendant, the Court dismissed that complaint as untimely on May 7, 2019, but without prejudice.  First, the Court concluded the complaint was untimely because it was filed after the Rule 4004(a) deadline for filing a complaint under Section 727(a), and no extension of such deadline has been sought or obtained by Plaintiff under Rule 4004(b).  Second, the Court concluded the complaint was untimely because it was filed after the Rule 4007(c) deadline for filing a complaint under Section 523(c) (relating to nondischargeability claims under Section 523(a)(2), (4) & (6)), and no extension of the deadline had been sought or obtained by Plaintiff, nor had Plaintiff sought a nondischargeability determination by way of Section 523(a)(3)(B).

Thereafter, Plaintiff filed a motion for extension of time to file a complaint objecting to discharge or dischargeability.[5]  After objection by Defendant and a hearing,[6] the Court granted the extension of time to file a Section 727(a) claim pursuant to Rule 4004(b), giving Plaintiff

---

[3]See Bk. Dkt. Doc. 72, 80, 82, 87; Adv. Pro. 18-01087.

[4]Bk. Dkt. Doc. 89; Complaint [Doc. 1] in Adv. Pro 19-01027.

[5]Bk. Dkt. Doc. 105.

[6]Bk. Dkt. Docs. 108, 111.

15 days to file its adversary complaint.[7]  The Court further explained that no extension of time

was necessary to file a complaint pursuant to Section 523(a)(3)(B), which prevents discharge of

debts based on fraud or intentional harm owed to creditors who did not have notice or actual

knowledge of the bankruptcy in time to file a nondischargeability complaint.  Plaintiff then

timely filed the Complaint in this adversary proceeding objecting to discharge pursuant to

Section 727(a)(4), and seeking nondischargeability of its debt pursuant to Section 523(a)(2),(4)

and (6) by way of Section 523(a)(2)(B).  Defendant again moves to dismiss Plaintiff's

Complaint.

### STANDARDS GOVERNING RULE 12(b)(6) MOTIONS TO DISMISS

A plaintiff bears the burden of framing a complaint with enough factual matter to suggest

that he is entitled to relief.  Fed. R. Civ. P. 8.; Fed. R. Bankr. P. 7008; Robbins v. Oklahoma,

519 F.3d 1242, 1247 (10th Cir. 2008).  But Federal Rule of Civil Procedure 8 does not impose an

onerous pleading standard.  In fact, Rule 8(a)(2) requires only "a short and plain statement of the

claim showing that the pleader is entitled to relief."  Further, the philosophy of Rule 8(a)(2) is

reinforced by Rule 8(d), which permits alternative statements and inconsistent claims and

defenses, and Rule 8(e), which requires pleadings to be construed so as to do justice.  Therefore,

federal courts have repeatedly emphasized that pleadings are to be construed liberally in

accordance with the justice mandate in Rule 8(e) and the general spirit of the Federal Rules.

Wright & Miller, 5 Fed. Prac. & Proc. Civ. § 1215 (3d ed.).

A strong presumption exists against the dismissal of claims under Rule 12(b)(6).  Cottrell,

Ltd. v. Biotrol Int'l Inc., 191 F.3d 1248, 1251 (10th Cir. 1999).  Motions to dismiss are "viewed

---

[7]Bk. Dkt. Doc. 113.

4

with disfavor and [are] rarely granted." <u>Rodriquez v. Cyr</u> (<u>In re Cyr</u>), 602 B.R. 315, 322 (Bankr. W.D. Tex. 2019) (quoting <u>Leal v. McHugh</u>, 731 F.3d 405, 410 (5th Cir. 2013). Thus, "[d]ismissal of a complaint is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. The issue is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his claims." <u>State of Colorado v. Wine</u> (<u>In re Wine</u>), 558 B.R. 438, 441 (Bankr. D. Colo. 2016). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" <u>Sanchez v. Hartley</u>, 810 F.3d 750, 756 (10th Cir. 2016) (quoting <u>Twombly</u>, 550 U.S. at 556, 127 S.Ct. 1955 (quoting <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974))).

"[D]ismissal for failure to act timely, like dismissal for expiration of the statute of limitations, is properly raised by a Rule 12(b)(6) motion to dismiss for failure to state a claim." <u>Louisiana Workforce Comm'n v. Campbell</u> (<u>In re Campbell</u>), 2017 WL 2870132, *2 (Bankr. W.D. La. 2017) (quoting <u>Oaxaca v. Roscoe</u>, 641 F.2d 386, 391 (5th Cir. 1980)). A Rule 12(b)(6) motion is procedurally appropriate for determining timeliness of a complaint, because it enables such determination to be made "at the point of minimum expenditure of time and money by the parties and the court." <u>Campbell</u>, 2017 WL 2870132, *2 (quoting <u>McKinley v. Harvey Toyota of Bossier City, Inc.</u>, 572 F. Supp. 2d 673, 675 (W.D. La. 2008)).

Although Rule 8 does not require "detailed factual allegations," it demands more than unadorned accusations that the defendant unlawfully harmed the plaintiff. <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009). To survive a motion to dismiss under Rule 12(b) of the Federal Rules of Civil Procedure, made applicable here pursuant to Rule 7012 of the Federal Rules of

Bankruptcy Procedure, "a plaintiff must include in the complaint 'enough facts to state a claim to relief that is *plausible* on its face.'" Barenburg v. Burton (In re Burton), 2010 WL 3422584, *2 (10th Cir. BAP 2010) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)) (emphasis added). This standard requires that factual allegations be sufficient to raise a right to relief above mere speculation. Twombly, 550 U.S. at 555. See also, The Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007) (stating complaint must give the court reason to believe that the plaintiff has a reasonable likelihood of mustering factual support for the claims raised).

Additionally, complaints asserting claims based on fraud must meet a heightened pleading standard under Rule 9(b) of the Federal Rules of Civil Procedure (made applicable by Federal Rule of Bankruptcy Procedure 7009), which requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." However, the Rule 9(b) requirement for particularity in pleading fraud must be read in conjunction with the principles of Rule 8, which mandate that pleadings be "'simple, concise, and direct, . . . and to be construed as to do substantial justice.'" Danbom v. Prewitt (In re Prewitt), 486 B.R. 518, 523 (Bankr. D. N.M. 2013) (quoting Schwartz v. Celestial Seasonings, Inc., 124 F.3d 1246, 1252 (10th Cir. 1997). Rule 9(b) requires identification of the "circumstances constituting fraud" but not "any particularity in connection with an averment of intent, knowledge or condition of mind." Prewitt, 486 B.R. at 523 (citing Schwartz, 124 F.3d at 1252); Discover Bank v. Warren (In re Warren), 486 B.R. 704, 708 (Bankr. D. S.C. 2013).

6

## **DISCUSSION**

Defendant begins his Motion by stating he seeks dismissal of the Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a cognizable claim for relief under Sections 523(a) and 727(a)(4), and further "requests a more definite statement as the pleading only states general vague allegations." Defendant correctly cites to the Towmbly/Iqbal standard for testing the sufficiency of a complaint,[8] and the heightened standard of pleading for fraud under Federal Rule of Civil Procedure 9.[9] Defendant further manages to toss out applicable phrases that should be included in a motion to dismiss.[10] In general, however, the Motion is muddled at best, and does little, if anything, to actually demonstrate Plaintiff has failed to state a claim in its Complaint. Instead, the Motion improperly focuses on: (i) an alleged bias of the Court in favor of Plaintiff;[11] (ii) alleged misrepresentations by Plaintiff regarding the criminal

---

[8]Motion at 6-7.

[9]Motion at 8-9.

[10]For example, Defendant argues: (i) "Plaintiff only states conclusions with no supporting specific factual basis;" (Motion at 8); and (ii) "In this instance, Plaintiff utterly fails to comply with [the Rule 9 standard.] Instead of pleading facts indicating a plausible claim, Plaintiff provides nothing more than a threadbare recitation of the potential elements not supported by any factual basis." (Motion at 10). Such arguments are conclusory in nature, and additionally, inaccurate.

[11]Defendant's suggestion of bias on the part of the Court in favor of Plaintiff is inappropriate and unfounded. Contrary to Defendant's statement, I have no "significant contacts with the Cleveland family whom are extremely involved with the Plaintiff's law firm." Even assuming I did, "contacts with a family" who has a relationship with the firm representing Plaintiff still falls woefully short of what is necessary to reasonably question a judge's impartiality under 28 U.S.C. § 455. In reality, my "contacts" are limited to swearing in a member of the family as a county commissioner after his election to the position, a common service provided by most judges at one time or another. Recusal is not mandated upon unsubstantiated suggestions of personal bias or prejudice. Switzer v. Berry, 198 F.3d 1256, 1258 (10th Cir. 2000)

(continued...)

7

embezzlement case that gives rise to Plaintiff's debt;[12] (iii) the ineffectiveness of Defendant's

guilty plea in the criminal embezzlement case;[13] and (iv) the impact of Defendant's diagnosis

with terminal cancer.[14]  None of the foregoing are remotely relevant to a motion to dismiss

Plaintiff's Complaint.[15]

The only specific challenge the Court sees in the Motion is Defendant's contention that

"Plaintiff was aware of the bankruptcy filing in August of 2018 prior to the claims bar date as

well as the extended date of October 15, 2018, to object to discharge or dischargeability

requested by the Trustee and approved."  Motion at 2.  Presumably, Defendant is again moving to

dismiss the Complaint on the basis of timeliness.  Defendant appears to suggest the Complaint

---

[11](...continued)
(citing United States v. Cooley, 1 F.3d 985, 993 (10th Cir. 1993)).  Further, the Court did not favor "the Plaintiff's law firm by way of its detailed out of the ordinary rulings."  The Court is generally obligated to explain its decisions.  Fed. R. Bankr. P. 7052 and 9014(c).

[12]Motion at 2.

[13]Motion at 3.

[14]For example, Defendant states:  (i) "[A]ny indication or suggestion that this terminal cancer patient was being fraudulent is not supported by the evidence;" (Motion at 4); (ii) "Defendant appears to being made a tax benefit scape goat due to his cancer illness;" (Motion at 6); (iii) "Defendant would submit that the only fraud existing is in Plaintiff's pleading and accusations against a dying man whom cannot readily defend himself;" (Motion at 7); and (iv) Defendant's failure to schedule certain creditors, including Plaintiff, when he filed for bankruptcy was due to "his extreme cancer medications and the serious impact on his mental and emotion state at times." (Motion at 3).

[15]Other irrelevant digressions in the Motion include:  (i) Defendant's allegation that Plaintiff has "unclean hands" because it treats employees as contractors; (Motion at 5); (ii) Defendant's alleged contribution to the increase in the profits and reputation of Plaintiff's business; (Motion at 6); (iii) Defendant's allegation that he has no assets from which to satisfy any judgment; (Motion at 4, 11); and (iv) Defendant's dismay with allegedly being held to account for his previous bankruptcy counsel's missteps and failures.  (Motion at 3-4).

fails to state a claim because the provision of Section 523(a)(3)(B) is inapplicable since Plaintiff allegedly had timely knowledge or notice of Defendant's bankruptcy filing.

There are two problems with this argument. First, Defendant focuses on the wrong date for testing Plaintiff's notice or knowledge of Defendant's bankruptcy. The deadline for Plaintiff to file a complaint objecting to discharge or dischargeability was April 23, 2018, not October 15, 2018, because the extension granted by the Court was with respect to the Trustee only. Second, whether Plaintiff, in fact, had notice or knowledge of Defendant's bankruptcy as of any specific date is a question of fact that is not decided in the context of motion to dismiss. McNeese Photography, L.L.C. v. Access Midstream Partners, L.P., 2014 WL 3919575 (W.D. Okla. 2014). Rather, the Court must "accept as true all well-pleaded factual allegations in the complaint and view them in the light most favorable to the plaintiff." Burnett v. Mortg. Elec. Registration Sys., Inc., 706 F.3d 1231, 1235 (10th Cir. 2013) (citing Smith v. United States, 561 F.3d 1090, 1098 (10th Cir. 2009)).

Likewise, Defendant argues Plaintiff fails to state a Section 727 claim because it cannot meet the requirements of Section 523(a)(3)(B). But Defendant is seriously confused on this point. Section 523(a)(3)(B) has no applicability to an objection to discharge claim brought under Section 727. Here, Plaintiff's Section 727 claim is timely brought because Plaintiff filed a motion to extend time to object to discharge pursuant to Rule 4004(b), which the Court granted, extending time to July 5, 2019.[16] Thereafter, Plaintiff filed its Complaint on July 1, 2019.

---

[16] See Bk. Dkt. Docs. 105, 108, 111, 113.

The Court concludes that Plaintiff's Complaint is timely filed and Defendant has failed to point out any other specific deficiencies in the Complaint that would cause it to fail to meet the Twombly/Iqbal standard.[17]

## CONCLUSION

The Complaint contains enough facts to state a claim to relief that is plausible on its face. Therefore, the Motion is DENIED. Defendant is directed to file an answer to the Complaint within 14 days of entry of this order.[18]

IT IS SO ORDERED.

# # #

---

[17]What the Motion lacks in analysis of Plaintiff's stated claims, it more than makes up for in hyperbole. For example, Defendant states: (i) "Plaintiff is allowed to make a farce and mockery in its handling of the case and treated far differently than Defendant[;]" (Motion at 4); (ii) "Plaintiff makes fabricated unsubstantiated conclusory claims and baseless allegations that only state conclusions and not facts;" (Motion at 4); (iii) "The overreaching and fabrications by Plaintiff is fraudulent on its own;" (Motion at 6); and (iv) "Plaintiff wants this court to wrongfully find Defendant has been convicted of a felony when he has not been and to essentially conduct a summary proceeding." (Motion at 11).

[18]The Court notes that in his Motion Defendant inconsistently states both: (i) "Debtor does not consent to entry of final orders or judgment by the bankruptcy court," Motion at 1-2; and (ii) "Defendant consents to entry of final orders and judgment by the Bankruptcy Court," Motion at 3. An order denying a motion to dismiss is not a final order. Strong v. Western United Life Assurance Co. (In re Tri-Valley Distributing, Inc.), 533 F.3d 1209, 1216 (10th Cir. 2008). Defendant's answer should clarify his position regarding consent to the bankruptcy court's jurisdiction.